■ STANPICO, INC., Appellant, v CITY OF NEW YORK, Respondent. [629 NYS2d 25] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 29, 1993, which denied plaintiff's motion for summary judgment and granted defendant City's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying the City's cross motion, reinstating the complaint and remanding the matter for further proceedings, and otherwise affirmed, without costs.

In this breach of contract action plaintiff seeks to recover damages, including $83,947 in lost profits, based upon the failure of the City's Department of Environmental Protection to

assign any work to it during the entire term of the parties' one-year $645,997 contract to repair various water mains and hydrants in Staten Island. In denying plaintiff's motion for summary judgment and granting the City's cross motion for the same relief, the IAS Court held, in pertinent part, that the contract only required the City to give work to Stanpico "as authorized" and that, even if the City had breached the contract, damages were not warranted because the termination clause expressly limited Stanpico's recovery in that situation to compensation for work performed, and no work was done.

However, the court's determination that the contract obliged the City to do nothing is neither reasonable nor the sole possible meaning of this ambiguous contract. While it may be reasonable that the City intended to utilize Stanpico for some, but not all, of its needs during the contract period, it is currently impossible to make that determination and, if necessary, to determine the precise extent of the commitment intended. It is clear, however, that the City obligated itself to something and breached that obligation. Summary judgment is thus inappropriate and the City's cross motion should also have been denied. Moreover, inasmuch as the City admits that it did not terminate the contract, its argument that it did so "effectively" is unpersuasive. The limitation on damages is expressly conditioned on the contract being terminated; it does not provide a blanket waiver of responsibility. Overall, the application of the termination clause to bar all of Stanpico's claim for damages, under the circumstances of this case, is unwarranted.

Nonetheless, the court correctly denied that part of Stanpico's motion seeking partial summary judgment for lost profits of $83,947 inasmuch as the amount of lost profits is not currently ascertainable. The contract's cancellation and liquidated damages provisions certainly affect any recovery due to Stanpico, and the amount sought is based on the bid calculation, which assumed a fixed amount of work, while the amount of work contracted for was expressly variable. Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.